RECEIVED

MAR 1 0 2006

CLERK U.S. DISTRICT COURT
ANCHORAGE ALASKA

M. Gregory Oczkus
Greg Oczkus Law Office
430 W 7th Ave., Suite 202
Anchorage, Alaska. 99501
Telephone: (907) 276-6506
Facsimile: (907) 258-6902

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STRAND HUNT CONSTRUCTION, INC., a Washington Corporation,<br><br>        Plaintiff,<br><br>v<br><br>DIX MASONRY, INC., an Alaskan corporation; DEBRA R. DIX; AND DENNIS R. DIX,<br><br>        Defendant. | Case No.  A05-156 CIV |

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RELIEF FROM
ENTRY OF DEFAULT

Comes Now defendants, Dix Masonry, Inc., Debra R. Dix and Dennis

R. Dix, by and through their attorney of record, M. Gregory Oczkus and they file

this memorandum of law in support of their Motion for Relief From Entry of

Default.

1

FACTS

The plaintiff filed its complaint on July 1, 2005. The complaint states that Dix Masonry was a subcontractor for concrete slabs and CMU walls on a project for the United States of America for a Security Complex at Eileson AFB, Alaska. Dennis Dix was in charge of the onsite performance for Dix Masonry and Debra R. Dix was the president of Dix Masonry. The complaint alleges breach of contract by Dix Masonry. As well as tort and interference with business relations and prospective economic advantage by Dennis R. Dix and Debra R. Dix. The complaint also asks the court for a declaration that Strand Hunt has no liability to Dix Masonry.

The defendants were served on August 5, 2005. At the time of service, Dennis R. Dix was incarcerated in the Wildwood Pre-Trial Facility. Dennis Dix, as the then president of Dix Masonry Inc., attempted to answer the complaint on behalf of the corporation at Docket Entry 5, filed September 1, 2005. The answer was later stricken and the corporation was ordered to retain counsel. When no further action was then taken by the defendants, the plaintiff moved for entry of default against the defendants on December 8, 2005. Default was entered by the clerk on December 8, 2005.

On December 16, 2005, Dennis Dix filed a Motion for Extension of Time for the trial date and for time to retain representation. He requested an extension for all defendants until after he was released from the Correctional Center on February 21, 2006. The plaintiff opposed the motion and this court by Order dated January 27, 2006 allowed the defendants until March 10, 2006 to move for relief from the defaults.

## ARGUMENT

FRCP Rule 55(c) states that relief from an entry of default may be granted for "good cause shown." Default judgments are disfavored and cases should be decided on the merits. The discretion of the courts is very broad in finding "good cause" when the motion is to set aside an *entry* of default, rather than a default *judgment*. Brady v. United States, 211 F3rd 499, 504 (9th Cir. 2000).

The standard for vacating an entry of judgment is the same standard for vacating a judgment under FRCP 60(b). In Franchise Holding II, LLC v. Huntington Restaurants Group, Inc., 375 F3rd 922 (9th Cir 2004) the 9th Circuit discussed the factors to be considered when determining if good cause exists to vacate a default. The court stated:

3

"The good cause analysis considers three factors:

(1) whether HRG engaged in culpable conduct that led to
the default;  (2) whether HRG had a meritorious defense;
or (3) whether reopening the default judgment would
prejudice Franchise Holding. (Citation omitted)   As these
factors are disjunctive, the district court was free to deny
the motion "if any of the three factors was true." (Citation
omitted)."  Franchise Holding, supra, @ 925, 926.

Dennis Dix and the other defendants did not engage in culpable conduct that

led to the default.  Dennis Dix was the supervisor and on site manager of Dix

Masonry Inc., and the vice president.  Debra Dix was the president and the one time

spouse of Dennis Dix.  The parties have now divorced.   Mrs. Dix relied on Mr. Dix

to defend the suit.  Mr. Dix was incarcerated in Wildwood Correctional Center at

the time of the service of the complaint.  He attempted to answer the complaint on

behalf of the corporation beyond a simple denial.  The answer filed by Dix was

extensive and set out a claim for damages to Dix Masonry.   Because Mr. Dix was

unable to procure an attorney while incarcerated, the answer was stricken and

default was entered against the defendants.  Subsequently,  Mr. Dix attempted to

secure an extension of time on behalf of all the defendants in order to procure

counsel.   The defendants have been given until March 10, 2006 to move to set

aside the entry of default and they have successfully retained counsel to do so.

4

Mr. Dix made a good faith attempt to answer the complaint.  He also made a good faith attempt to secure an extension of time for all the defendants to find counsel and made it known to the court that he was incarcerated and without funds at that time.  To be culpable, a defendant must have received "actual or constructive notice of the filing and the action and intentionally failed to answer."  TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 698 (9th Cir 2001).  The standard for intent is not neglect but,

> "Our cases, however, have not used the term "intentional" in this sense.  Instead, what we have meant is something more like, in the words of a recent Second Circuit opinion addressing the same issue, "willful, deliberate, or evidence of bad faith." TCI, at 697

The court states that a neglectful failure to answer is not necessarily culpable if there is a good faith explanation negating any intent to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process.

> "In contrast, we have typically held that a defendant's conduct was culpable for purposes of the *Falk* factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond" TCI, @ 698.

The defendants here did not intend to take advantage of the opposing party, interfere with the judicial decision making of the court or to manipulate the legal

5

process.

The defendants have a meritorious defense.   The answer filed by Mr. Dix on

behalf of the corporation attempted to set out his defenses as well as a counterclaim

against Strand Hunt Corp.   The "Answer and Counterclaim" attached hereto not

only denies the liability of the defendants, but presents a significant counterclaim for

damages to Dix Masonry for non-payment and for breach of contract by the

plaintiff.

> "A defendant seeking to vacate a default judgment must
> present specific facts that would constitute a defense.
> *See Madsen v. Bumb,* 419 F.2d 4, 6 (9th Cir.1969)
> (holding that district court had not erred in declining to
> vacate default judgment when defendant offered "mere
> general denial without facts to support it").   But the
> burden on a party seeking to vacate a default judgment is
> not extraordinarily heavy.   *See, e.g., In re Stone,* 588
> F.2d 1316, 1319 n. 2 (10th Cir.1978) (explaining that the
> movant need only demonstrate facts or law showing the
> trial court that "a sufficient defense is assertible")."  TCI
> @ 700.

The defendants are ready, willing and now able to defend this suit and to

prosecute their causes of action against the plaintiff.

There is no prejudice to the plaintiff to set aside the entry of default and allow

the case to proceed.   This case is at the initial stages.   There has been no discovery

conducted and no trial date set.

6

> "To be prejudicial, the setting aside of a judgment must
> result in greater harm than simply delaying resolution of
> the case.   Rather, "the standard is whether [plaintiff's]
> ability to pursue his claim will be hindered."  Citation
> omitted (to be considered prejudicial, "the delay must
> result in tangible harm such as loss of evidence, increased
> difficulties of discovery, or greater opportunity for fraud
> or collusion")."  TCI @ 700.

There is no tangible harm to the plaintiff.  This is a large corporation, any documentation of the case will still be in the plaintiff's possession, the possibilities for discovery have increased.  The defendants are not readily available for depositions or to provide production.  There has been no showing of any fraud or collusion by the defendants in responding to the suit.

It is in the interest of justice that the defendants have the merits of their case addressed by this court, the entries of default should be set aside and the case allowed to proceed.

Dated this _____ /0 _____ day of March, 2006.

_____

M. Gregory Oczkus
Alaska Bar No. 7710145