Frank A. Pfiffner
HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
3900 C Street, Suite 1001
Anchorage, Alaska  99503
Telephone:  (907) 274-7522
Facsimile:  (907) 263-8320
FAP@hbplaw.net
ABA No. 7505032

Attorneys for Plaintiff
Strand Hunt Construction, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STRAND HUNT CONSTRUCTION, INC., a Washington corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DIX MASONRY, INC., an Alaska corporation; DEBRA R. DIX; and DENNIS R. DIX,<br><br>Defendants. | 3:05-cv-00156 JWS |

**OPPOSITION TO DEFENDANT'S MOTION FOR RELIEF FROM ENTRY OF DEFAULT**

**INTRODUCTION**

Plaintiff Strand Hunt Construction, Inc. ("Strand Hunt") opposes defendants' motion

for relief from entry of default pursuant to Fed. R. Civ. P. (FRCP) 55(c).  There is no "good

*Strand Hunt Construction, Inc. v. Dix Masonry, Inc., et al.*
Opposition to Defendant's Motion for Relief from Entry of Default
(1187-3022/244374)

cause shown" to support defendants' motion. The court should deny the motion and proceed to entry of a default judgment.

## FACTS

The defendants, Dennis Dix, Dix Masonry, Inc., and Debra Dix, were served a summons and complaint by a process server on August 5, 2005. (Ex. A, Aff. of Service dated September 6, 2005.) On September 1, 2005, on behalf of he co-defendants, Ms. Dix filed an expedited motion for continuance. (Docket 6.) This motion was denied by an order from chambers on September 14, 2005, because Ms. Dix is not a lawyer and may not represent anyone other than herself. (Docket 8.) Other than file the expedited motion for continuance, Debra Dix has taken no other action in the case before the March 10, 2006, motion for relief from entry of default.

On September 1, 2005, on behalf of Dix Masonry, Inc. only, Dennis Dix filed a response to plaintiff's complaint a week past the deadline required by FRCP 12(a)(1)(A). On September 14, 2005, the court struck from the record the response filed by Dennis Dix and ordered that defendant Dix Masonry, Inc. retain counsel and file an answer to the complaint on or before November 30, 2005. (Docket 8.) Dix Masonry, Inc. was also advised that a corporation cannot be represented in federal court by a person who is not a lawyer. *High Country Broadcasting Co., Inc.* 3 F.3d 1244, 1245 (9th Cir. 1993). (Docket 8.) The individual defendants were also ordered to file answers to the complaint on or before November 30, 2005. *Id.* The order specifically stated that "if counsel does not appear on behalf of the corporation, it is subject to being defaulted" and "[i]f any defendant

*Strand Hunt Construction, Inc. v. Dix Masonry, Inc., et al.*
Opposition to Defendant's Motion for Relief from Entry of Default
(1187-3022/244374)

Page 2 of 14

fails to timely comply with this order, plaintiff shall request entry of default as to that defendant." *Id.*

On December 6, 2005, Strand Hunt filed for an entry of default which was not opposed by any of the defendants even though the applications were served on the defendants. On December 8, 2005, the clerk entered a default against each of the defendants.

The defendants failed to comply with the order to file an answer by the November 30, 2005, deadline. Mr. Dix, who is not a lawyer, belatedly filed a motion for continuance of time to retain representation and trial date for Dix Masonry, Inc., Dennis Dix, and Debra Dix on December 16, 2005. (Docket 13.) In an order from chambers on January 27, 2006, the court determined that "laying aside the fact that Mr. Dix cannot represent the other two defendants, such a motion cannot be entertained while the defendants are in default." (Docket 15.) The court also granted the opportunity for all three defendants to file a motion for relief of entry of default by March 10, 2006. *Id.* Defendants were again warned that a corporation may only appear through an attorney and an individual cannot represent another individual. *Id.*

On March 10, 2006, defendants filed a motion for relief from entry of default. (Docket 17.) Strand Hunt received notice of the motion on March 13, 2006. Meanwhile, on March 13, 2006, Strand Hunt also moved for entry of a default judgment. (Docket 21.)

*Strand Hunt Construction, Inc. v. Dix Masonry, Inc., et al.*
Opposition to Defendant's Motion for Relief from Entry of Default
(1187-3022/244374)
Page 3 of 14

## ARGUMENT

I. **DEFENDANTS DO NO MEET THE LEGAL STANDARD FOR SETTING ASIDE A DEFAULT.**

FRCP 55(c) provides that a court may set aside the entry of default for "good cause shown." The Ninth Circuit holds that the "good cause" analysis considers three factors: (1) whether the defendants engaged in culpable conduct that led to the default; (2) whether the defendants failed to have a meritorious defense; or (3) whether setting aside the default would prejudice the plaintiff. *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004).[1] The "good cause" tripartite test is disjunctive; the court is free to deny the motion if any of the three factors is true. *Id.* and *In re Hammer*, 940 F.2d 524, 526 (9th Cir. 1991). Under FRCP 55(c), the party seeking to vacate a default bears the burden of demonstrating that all three factors favor vacating the default. *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004), and *Cassidy v. Ternorio*, 856 F.2d 1412, 1415 (9th Cir. 1988).

A. **The Defendants' Conduct was Culpable.**

---

[1] A parallel, but inapplicable, FRCP 60(b) standard provides that on motion and upon such terms as are just, the court may relieve a party from a final **judgment** for "mistake, inadvertence, surprise, or excusable neglect…." The Ninth Circuit applies the same standard for setting aside a judgment as it does for setting aside a default. *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000)(quoting *In re Hammer*, 940 F.2d 524, 525-26 (9th Cir. 1991)), and *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

*Strand Hunt Construction, Inc. v. Dix Masonry, Inc., et al.*
Opposition to Defendant's Motion for Relief from Entry of Default
(1187-3022/244374)

A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer. *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). A defendant who files an answer three days late, one and one half hours after the application for default is filed, can be culpable such that the default will not be set aside. *McManus v. American States Ins. Co.*, 201 F.R.D. 493 (C.D. Cal. 2000).

The main disagreement between Strand Hunt and the defendants is whether the defendants were culpable in failing to file an answer timely. Defendants claim that there was no culpability and that they made a good faith effort to answer the complaint. Memorandum of Law in Support of Motion for Relief from Entry of Default at 4-5. Strand Hunt disagrees with defendants' culpability argument.

The defendants received actual notice of the summons and complaint on August 5, 2005. (Ex. A, Aff. of Service dated September 6, 2005.) The summonses were unambiguous in their content. They required defendants to serve on plaintiff's attorney an answer to the complaint within 20 days of service of the complaint or "judgment for default will be taken against you for the relief demanded in the complaint." The red flag warning in the summons is a factor to be used by the court in determining culpability. *McManus v. American States Ins. Co.*, 201 F.R.D. 493 (C.D. Cal. 2000). In this case, the defendants ignored the many red flags on the field.

In the complaint, Strand Hunt asked for a substantial amount of damages in excess of $200,000. In the requested default judgment, the actual amount of damage sought is

*Strand Hunt Construction, Inc. v. Dix Masonry, Inc., et al.*
Opposition to Defendant's Motion for Relief from Entry of Default
(1187-3022/244374)

Page 5 of 14

$1,403,414. A party's failure to respond to a high stakes demand for damages in a particular litigation is another factor that can be used by the court to determine culpability. *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004).

Defendants who have been involved previously in litigation appreciate the consequences of failing to answer a complaint. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 699 (9th Cir. 2001). Prior litigation experience is a factor that the court can consider to determine culpability. *Id.* The defendants are not litigation neophytes. They have all had prior litigation experiences. (Ex. B.)

On behalf of her co-defendants, Debra Dix filed an expedited motion for continuance and an answer to the complaint a week late on September 1, 2005. The fact that a party first files a motion to extend the time to answer indicates an ability to deal with legal requirements and supports a finding of culpability. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 699 (9th Cir. 2001).

On September 14, 2005, the court ordered that the motion for a continuance must be denied because Ms. Dix was not an attorney and could not represent Mr. Dix and Dix Masonry, Inc. The court also struck from the record the answer written by Mr. Dix for Dix Masonry, Inc. and told Dix Masonry, Inc. that it "shall retain counsel who shall and file an answer or otherwise respond to the complaint in this matter on or before November 30, 2005." (Docket 8). Dix Masonry, Inc. was advised that a corporation cannot be represented in federal court by a person who is not a lawyer. *High Country Broadcasting*

*Strand Hunt Construction, Inc. v. Dix Masonry, Inc., et al.*
Opposition to Defendant's Motion for Relief from Entry of Default
(1187-3022/244374)

Page 6 of 14

*Co., Inc.* 3 F.3d at 1245 (9th Cir. 1993). The individual defendants were also ordered to file answers to the complaint on or before November 30, 2005. (Docket 8.)

The defendants violated the court's September 14, 2005, order by failing to file their answers by the court ordered deadline of November 30, 2005. Instead, Mr. Dix, who is not an attorney, filed a motion for an extension of time to retain representation and trial date on December 16, 2005, for Dix Masonry, Inc., Ms. Dix, and himself. Dennis Dix's motion was also in violation of the court's September 14, 2005, order wherein the court said that an individual cannot represent another individual or a corporation. The defendants' violations of the court's September 14, 2005, order were contumacious and establish their culpability.

Even if one construes the culpability factor as requiring intentional conduct, intentional means "willful, deliberate, or evidence of bad faith." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001).[2] The defendants acted willfully by not filing an answer to the complaint by the court ordered deadline of November 30, 2005. On December 16, 2005, Dennis Dix further acted willfully and deliberately and in bad faith when he ignored the court's September 14, 2005, order by requesting an additional extension of time on behalf of all defendants. The court had warned defendants specifically that "if counsel does not appear on behalf of the corporation, it is

---

[2] In *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004), a case decide after *TCI Group Life Ins. Plan*, the Ninth Circuit did not require a finding of intentional conduct in order to establish culpability.

*Strand Hunt Construction, Inc. v. Dix Masonry, Inc., et al.*
Opposition to Defendant's Motion for Relief from Entry of Default
(1187-3022/244374)

subject to being defaulted" and "… plaintiff shall request entry of default as to that defendant." (Docket 8.)

The courts have found culpable conduct were the defendants have offered no valid excuse for the failure to answer a complaint. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 698-99 (9th Cir. 2001). In this case, defendants point to Dennis Dix's incarceration as the main reason for the failure to answer the complaint. Memorandum of Law in Support of Motion for Relief from Entry of Default at 4. The incarceration argument rings hollow for several reasons. First, Dennis Dix's incarceration did not stop Mr. Dix from filing a response to the complaint on September 1, 2005, for Dix Masonry, Inc. or from filing a request for more time on December 16, 2005. Mr. Dix could have answered the complaint pro se, something he never attempted to do despite the lengthy purported response that he drafted on behalf of Dix Masonry, Inc.

Second, Dennis Dix has improperly blamed Strand Hunt for his incarceration. In his request for more time filed on December 16, 2005, Mr. Dix states "I am currently incarcerated due to the loss of or demise of Dix Masonry partially due to its affiliation to Strand Hunt Corporation". (Docket 13.) In its opposition to the motion for more time, Strand Hunt noted correctly that "Dennis Dix is in jail because he assaulted his ex-wife, daughter, girlfriend, and a third party and resisted arrest on numerous occasions among other things. *See* Strand Hunt's Opposition to Motion for Extension of Time dated

*Strand Hunt Construction, Inc. v. Dix Masonry, Inc., et al.*
Opposition to Defendant's Motion for Relief from Entry of Default
(1187-3022/244374)

Page 8 of 14

December 19, 2005, and exhibits attached thereto. Mr. Dix's incarceration was his fault and should not be used as a legitimate basis for an opportunity to delay the proceedings.[3]

Third, the missing and fatal link in the defendants' lack of culpability argument is Debra Dix. The defendants describe Debra Dix as the ex-wife of Dennis Dix and someone who "relied on Mr. Dix to defend the suit." *See* Memorandum of Law in Support of Motion for Relief from Entry of Default at 4. Given Mr. Dix's prior conduct towards Debra Dix, her reliance on Dennis Dix for anything was patently unreasonably. Besides Mrs. Dix was not the peripheral player that defendants' claim she was. Until March 16, 2006, when Dix Masonry, Inc. filed corporate changes with the State of Alaska in the corporation's Biennial Report, Debra Dix was the 51% shareholder and President of Dix Masonry, Inc. (Ex. C.) In other words, despite what defendants say, Debra Dix controlled the company and was legally responsible for company business. There is not one iota of evidence or explanation by defendants on why Debra Dix did no fulfill here individual and corporate responsibilities by getting the complaint answered on behalf of Dix Masonry, Inc. and herself.

The court's January 27, 2006, order giving the defendants until March 10, 2006, to file a motion for relief from the default does not mean that the court will grant such a

---

[3] In this diversity case, the court must follow state substantive law relative to issues of collateral estoppel. *Cratens v. State Farm Fire & Casualty Co.*, 60 F. Supp 2d 987, 993 D. Ariz. 1999). Under Alaska law, a conviction, guilty plea, or plea of *nolo contendere* for the types of offenses that Dennis Dix was charged with have collateral estoppel effect in subsequent civil litigation. *Burcina v. City of Ketchikan*, 902 P.2d 817 (Alaska 1995). Defendants are collaterally estopped from disputing the bases for Dennis Dix's incarceration.

*Strand Hunt Construction, Inc. v. Dix Masonry, Inc., et al.*
Opposition to Defendant's Motion for Relief from Entry of Default
(1187-3022/244374)

motion. (Docket No. 15). The order simply means that until March 10, 2006, the court will entertain such a motion. Based on the court record and the information provided in this opposition, the motion to set aside the default should be denied. Defendants had actual notice of the filing of the complaint through service of the summons and complaint. The defendants' own repeated failures to act or respond prompted the default by the plaintiff. The defendants have shown no valid excuse for the default.

**B.   The Defendants' Lack a Meritorious Defense.**

The Ninth Circuit has held that "to justify vacating the default judgment … [defendant] had to present the district court with specific facts that would constitute a defense" and not a "mere general denial without facts to support it." *Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004); *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513-14 (9th Cir. 1986); *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir 1969); and *Cohen v. Murphey*, U.S. Dist. LEXIS 13360, *7 (N.D. Cal. 2004) ("Defendants have not offered points and authorities, declarations, or other supporting documents that would permit the court to assess the probability of a meritorious defense. Defendants have not met their burden of showing they have a meritorious defense.").

The Rule 55(c) motion by defense counsel filed on March 10, 2006, fails to offer any points of fact, declarations, and/or supporting documents to support a meritorious defense. Counsel for the defendants merely asserts a denial of liability and a conclusory statement that "[t]he defendants are ready, willing and now able to defend this suit and to

*Strand Hunt Construction, Inc. v. Dix Masonry, Inc., et al.*
Opposition to Defendant's Motion for Relief from Entry of Default
(1187-3022/244374)
Page 10 of 14

prosecute their causes of action against the plaintiff." *See* Memorandum of Law in Support of Motion for Relief from Entry of Default at 6.

As justification for a meritorious defense, the defendants refer to an answer and counterclaim attached to the motion. However, in light of the default in place in this case, the answer and counterclaim are improper documents and should not be considered as a basis to set aside an entry of default. *See* Docket No. 15.

The defendants' conclusory allegations are insufficient to set aside the default. The defendants' failure to provide adequate factual and legal bases for a meritorious defense supports the plaintiff's request for denial of the defendants' motion for relief from entry of default.

C.      **Setting Aside the Entry of Default Would Prejudice the Plaintiff.**

The third prong of the FRCP 55(c) "good cause" analysis is prejudice. *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). In this case, Strand Hunt would be prejudiced by the delay occurring after August 25, 2005, which is when the complaint should have been answered. The passage of time *per se* (seven months in this case) does not constitute prejudice. *KPS & Associates, Inc. v. Designs By FMC, Inc.*, 318 F.3d 1 (1st Cir. 2003). However, delays with accompanying dangers of loss of evidence, increased difficulties of discovery, or an enhanced opportunity for fraud or collusion do constitute prejudice. *Id.* In this case the delay has heightened the opportunity for dissipation of assets and would result in increased difficulties of discovery with the potential for lost evidence.

*Strand Hunt Construction, Inc. v. Dix Masonry, Inc., et al.*
Opposition to Defendant's Motion for Relief from Entry of Default
(1187-3022/244374)

Dennis Dix states in his December 16, 2005, request for a continuance that defendants have incurred substantial debts. (Docket 15.) Some of the 2005 lawsuits against Dix Masonry and Dennis and Debra Dix are debt collection actions where the creditors have now presumably obtained judgments. (Ex. B.) Strand Hunt's ability to collect on its requested judgment in this case will be impaired by the defendants' dissipation of assets and the other judgments that now have priority over it. The prejudicial delay in this case from the intervening financial events is a basis for denial of the defendants' motion to vacate the default. *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926-27 (9th Cir. 2004).

The more serious problem is the increased discovery difficulty that will occur if the default is set aside and the case is now allowed to proceed some seven months later than it should have. The Eileson project, that is the subject of the complaint, is Strand Hunt's only Alaska project. (Ex. D, Aff. of Rollie Hunt.) The work is substantially completed although the Government is withholding approximately $360,000 from Strand Hunt as a result of Dix Masonry, Inc.'s defective performance. *Id.* Strand Hunt's management and crews for the project are no longer employed by Strand Hunt. *Id.* Specifically, Doug Hamilton, the Strand Hunt project quality control manager; Tim Jahola, the Strand Hunt project superintendent; and Don Korsmo, the close out superintendent, are no longer Strand Hunt employees. *Id.* Strand Hunt believes that Hamilton and Korsmo are employed elsewhere in Washington although their whereabouts is not known exactly. *Id.* Strand Hunt believes that Tim Jahola is working

*Strand Hunt Construction, Inc. v. Dix Masonry, Inc., et al.*
Opposition to Defendant's Motion for Relief from Entry of Default
(1187-3022/244374)

Page 12 of 14

in Alaska. *Id.* The witnesses noted above are important witnesses relative to the issues in dispute in this case. *Id.* These witnesses would have been much more readily available in 2005 if the defendants had answered the complaint timely. *Id.* Other witnesses such as laborers will be more difficult to locate now after the project workforce has long since been let go. *Id.*

The defendants' "no prejudice" claim has no factual support. *See* Memorandum of Law in Support of Motion for Relief from Entry of Default at 6. On the other hand, the present opposition sets forth facts supporting prejudice caused by the delay from the defendants' failure to answer the complaint timely. The prejudice to Strand Hunt is an additional compelling basis to support the denial of the motion to set aside the default.

## CONCLUSION

The court should uphold the entry of default because the defendants' conduct was culpable, the defendants have not made a necessary showing of a meritorious defense, and Strand Hunt has been prejudiced by the delay occasioned by the defendants' failure to answer the complaint timely.

*Strand Hunt Construction, Inc. v. Dix Masonry, Inc., et al.*
Opposition to Defendant's Motion for Relief from Entry of Default
(1187-3022/244374)

Page 13 of 14

DATED at Anchorage, Alaska, this 28th day of March, 2006.

>HUGHES BAUMAN PFIFFNER
>GORSKI & SEEDORF, LLC
>Attorneys for Plaintiff
>Strand Hunt Construction, Inc.
>
>By:  s/Frank A. Pfiffner
>     Frank A. Pfiffner
>     3900 C Street, Suite 1001
>     Anchorage, Alaska  99503
>     Telephone:  (907) 274-7522
>     Facsimile:  (907) 263-8320
>     FAP@hbplaw.net
>     ABA No. 7505032

Certificate of Service

I hereby certify that on March 28, 2006, a copy of the Opposition to Defendant's Motion for Relief from Entry of Default Judgment was served via electronically on:

M. Gregory Oczkus
Greg Oczkus Law Office
430 W. 7th Avenue, Suite 202
Anchorage, AK  99501


s/Frank A. Pfiffner

*Strand Hunt Construction, Inc. v. Dix Masonry, Inc., et al.*
Opposition to Defendant's Motion for Relief from Entry of Default
(1187-3022/244374)
Page 14 of 14