IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

STRAND HUNT CONSTRUCTION,
INC., a Washington Corporation,

        Plaintiff,

v

DIX MASONRY, INC., an Alaskan
corporation; DEBRA R. DIX; AND
DENNIS R. DIX,

        Defendant.

Case No.  A05-156 CIV

**Supplemental Affidavit in Support of Motion to Set AsideDefault**

STATE OF ALASKA      )
                  : ss.
THIRD JUDICIAL DISTRICT )

Dennis Dix, upon oath, deposes and states:

1. My name is Dennis Dix and all facts stated herein are within my personal knowledge.

2. In approximately July, 2005 my divorce from Deborah Dix became final. I received 100% ownership of Dix Masonry, Inc. and I am the person who is responsible for the business.

3. Since the Affidavit that I submitted on March 10, 2006 I have begun to receive information from the Army Corps of Engineers. The Corps was the party responsible to administer the contract and oversee the project.

-1-

The project was construction of a maintenance facility for military vehicles. The total project was approximately $15 million.

4. The Corps has provided me copies of some correspondence that it has sent to Strand-Hunt. I still have not received any of the correspondence of Strand-Hunt to the Corps.

5. I am also waiting for copies of the inspection reports from the Army Corps of Engineers, and the daily log records for the project. This information will help prove the damage claims of Dix Masonry and will rebut and help disprove the claim that Dix Masonry somehow caused $1.4 million damages to Strand-Hunt.

6. There were approximately 300 letters exchanged between Strand-Hunt and the Corps concerning this project, many of which I do not yet have.

7. I have pulled out some letters from the Corp to Strand-Hunt that will show the court some of the problems surrounding the job.

8. Attached hereto as Exhibit D-1 through D-16 are selected samples of letters from the Army Corps of Engineers to Strand-Hunt concerning

problems on the project.  The handwritten comments and underlining our mine.

9. Exhibit D-2 shows that Strand-Hunt did not even attend the pre-proposal conference conducted by the Corps on December 2, 2003.

10.  Exhibit D-3 shows that the initial quality control manager was not qualified which delayed the project.  Exhibit D-4 states, "We also mentioned that the Government has in both this case and in the case of the CQC system manager accepted personnel with significantly lesser qualifications then those named in your accepted proposal."

11. Exhibit D-5 is critical.  On June 28, 2004 Strand-Hunt finally received clearance to construct the foundation and related under-slab work only in Area 1.

13. Strand-Hunt is correct when it states that Dix stated it could complete the CMU installation in 37 days.  That representation was based upon the fact that the entire slab would be ready for CMU installation and Dix would be allowed site access to complete the foundation, slab and CMU work uninhibited. Dix was not allowed to move to different portions of the project in an efficient manner.

14. Exhibit D-6 references the changes to air handling system. This change required modification to all of the blueprints relating to the underground utilities which affected the placement of rebar and delayed concrete pours.

15. Exhibit D-9 shows that Strand-Hunt finally remedied unsuitable soils underneath the slab which had delayed pouring the concrete slabs and foundation.

16. D-10 criticizes Strand-Hunt for not covering the slab during the rain to protect it.

17. Strand-Hunt is trying to claim damages against Dix to the floor for $66,000.

18. Exhibit D-11 is very important and references the floor elevation.

19. D-13 states Strand-Hunt installed a sealer to the floor instead of epoxy as required by the RFP. Strand-Hunt is attempting to back-charge Dix Masonry for this repair which was not Dix responsibility.

20. D-15 is a letter from the Corps written on February 3, 2005 claiming that Strand-Hunt did not conduct work in accordance with the plans and specification which violates the contract requirements.

21.  Repeatedly during the project Strand-Hunt directed Dix Masonry to install work with insufficient drawings or before plans and specifications had been finalized.  This created problems in placement of vents, conduit, concrete walls and slabs.

22.  These changes required Dix Masonry to tear apart rebar installations and redo its work which Strand-Hunt has refused to reimburse.

Dated:                              _Dennis Dix, President_
                                    Dennis Dix


        SUBSCRIBED AND SWORN to before me this 31st day of March, 2006.

                                    _____
                                    Notary Public in and for Alaska
                                    My Commission Expires: _____


G:/Dix\Docs/Dix Aff2