IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

STRAND HUNT CONSTRUCTION,
INC., a Washington Corporation,

               Plaintiff,

v

DIX MASONRY, INC., an Alaskan
corporation; DEBRA R. DIX; AND
DENNIS R. DIX,

               Defendant.

Case No.  A05-156 CIV

## REPLY TO OPPOSITION TO DEFENDANT'S MOTION FOR RELIEF FROM ENTRY OF DEFAULT

Comes Now defendants, Dix Masonry, Inc., Debra R. Dix and Dennis R.
Dix, by and through their attorney of record, M. Gregory Oczkus and file this
memorandum of law in support of their Reply to the Opposition of the plaintiff,
Strand Hunt Construction, Inc., to the Motion for Relief from Entry of Default.
Facts.

## ARGUMENT

This defendants are requesting that the entry of default be set aside pursuant
to Federal Rule of Civil Procedure 55(c).   The fact that the plaintiff has moved for a
default judgment has no effect on the defendant's request.

1

A party seeking to set aside an entry of default must only show good cause.

> "Absent an abuse of discretion, there is no error in setting aside a default where the judge finds good cause to do so." *(Citation omitted)*  The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment.

Mendoza v. Wright Vineyard Management, 783 F.2nd 941, 945 (9th Cir, 1986).

The courts however will look at Rule 60(b) grounds which includes mistake, inadvertence, surprise or excusable neglect and any other reason justifying relief, to decide the motion.  In Falk V. Allen, 739 F.2nd 461 (9th Cir 1984), the court set forth the three factors to be considered:

> We agree with the Third Circuit that three factors should be evaluated in considering a motion to reopen a default judgment under Rule 60(b):  (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default.  Falk, supra, at 463.

A. CULPABLE CONDUCT.

For a defendant's conduct to be culpable it must be "wilful deliberate or evidence of bad faith." TCI Group Life Ins. Plan v. Knoebber, 244 F.3rd 691 (9th Cir 2001).

> Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the

2

legal process is not "intentional" under our default cases,
and is therefore not necessarily although it certainly may
be, once the equitable factors are considered-culpable or
inexcusable <u>TCI</u>, <u>supra</u>, at 698.

The plaintiff cites to <u>Franchise Holding II, LLC v. Huntington Rests, Group, Inc.</u> 375 F.3rd 922 (9th Cir 2004) decided subsequent to <u>TCI</u>, to attempt to negate these standards. <u>TCI</u> is the better reasoned case which was not even mentioned in <u>Franchise Holding</u>. The defendants submit that this court should rely on the <u>TCI</u> standards.

The defendants did received notice of the summons and complaint. At the time Mr. Dix was incarcerated and he and Mrs. Dix were divorced. In February, 2005 Dix received 100% of the company from his ex-wife. The company was in the concrete business and acted as a subcontractor on the Strand Hunt Eileson AFB project.

Mr. Dix acting pro se from the Wildwood Pretrial center attempted to answer the complaint on behalf of the corporation. Mrs. Dix was divorced from Mr. Dix and she was no longer affiliated with the company.

Mr. Dix filed a motion for a continuance on December 16, 2005 because his release date was to be in February, 2006. Mr. Dix was not capable of finding and hiring an attorney while incarcerated. As soon as he was released Mr. Dix found

counsel who has filed a proposed answer and counterclaim in the case on behalf of all the defendants.

The issue in this case is whether or not Dix Masonry breached the contract with Strand Hunt and whether or not there is a valid counterclaim by Dix Masonry against Strand Hunt. There can be no liability on the part of Debbie Dix or Dennis Dix if Dix Masonry is not found to have breached its contact. The complaint originally is for $200,000 + in damages. The plaintiff now alleges the actual amount of damages are $1,403,414.00!!

The fact that Dennis Dix, Debbie Dix and Dix Masonry have been involved in a number of lawsuits (See Exhibit B to the Opposition) does not mean that they are sophisticated, educated and knowledgeable in the legal field. Dix Masonry, Inc. was a subcontractor for a number of years on a number of jobs. Debbie Dix and Dennis Dix could have been named as defendants the same as they were named in this case. There is no way of knowing from the plaintiff's exhibits if any of the defendants ever defended any of the suits or the outcome of the lawsuits. It could be the suits were by other subcontractors or lien holders that were eventually paid or the suits dismissed.

The defendants were given until March 10, 2006 to file a motion to set aside the default. As soon as he was released from incarceration Mr. Dix attempted to

locate counsel.  Pursuant to the court order, all the defendants filed the Motion to

Set Aside Default within the time granted by the court.  This should be taken into

account.  There is no showing that defendants intended to take advantage of the

opposing party, that they were interfering with judicial decision making or that they

were trying to manipulate the legal process.

   B.  MERITORIOUS DEFENSE.

   Under Rule 55(c) some showing has to be made by the defendants that if

relief is granted, the outcome of the suit may be different.  Dennis Dix filed an

Affidavit in Support of the Motion to Set Aside Default.  This affidavit incorporates

the proposed Answer and Counterclaim filed with the Motion.  This answer and

counterclaim are very detailed.  The answer is not just a series of denials, but admits

some of the plaintiff's allegations.  The affirmative defenses set out defenses that if

proven would exculpate the defendants from the Strand Hunt charges.  Finally, the

counterclaim sets out a factual basis for not only denial of the Strand Hunt claims,

but for an award of damages due to Dix Masonry.

   Dennis Dix has continued to research and gather evidence on behalf of Dix

Masonry in regards to this suit.   He has filed a supplemental affidavit with evidence

from the U.S. Army Corps of Engineers  regarding the management of Strand Hunt

on the project.  These are supporting documents.  The answer and counterclaim

specifically adopted by Mr. Dix as true and correct, provide valid points of fact in support of the Motion.   Defendants are ready to present evidence that Strand Hunt breached the contract and engaged in concealment and  misrepresentation regarding the project.

### C.  PREJUDICE TO PLAINTIFF

The plaintiff presents an affidavit of Rollie Hunt that states that some of the employees of Strand Hunt are no longer with the company.  The complaint was filed in July, 2005.  Mr. Dix was served in August 2005.  It has been only 7 months. Even if the defendants had answered, the case would still not be set for trial.  This case will require substantial preparation.  There are over 300 pieces of correspondence between the Corps of Engineers and Strand Hunt (See the supplemental affidavit of Dennis Dix).  There were numerous problems with the job, including but not limited to acts by Strand Hunt such as failure to provide competent personnel for the job, failure to provide ready access to the job site, the modification of blueprints, failure to prepare soils, errors in elevation and grade, and not covering the slab when there was rain.  Dix Masonry contends these problems are of Strand Hunt's making and are the cause of the Corp withholding funds from Strand Hunt on the project.

6

This case requires substantial discovery, examination of witnesses and pretrial preparation.  This is not a slam-dunk for Strand Hunt.  If the defendants are allowed to proceed, they intend to prosecute their counterclaim by conducting discovery.  In addition, there may be pretrial motions including but not limited to summary judgment, motions regarding experts, issues relating to exhibits and presentation of witnesses.

Strand Hunt speculates that there are default judgments against Dix and Dix Masonry. There is nothing in the record to support that Strand Hunt's ability to collect is impaired.  Merely printing out a list of lawsuits is not sufficient to prove such prejudice.

Strand Hunt is a large corporation. People come and go.  It cannot justify defaulting the defendants when only 7 months have passed from the filing of the complaint.  It cannot justify defaulting the defendants when it must keep books and records of the project.   It cannot justify defaulting the defendants when the complaint is a bare bones complaint without substantial factual allegations that would support an entry of default.  It cannot default the defendants when the complaint asks for $200,000.00 in damages and the default judgment seeks $1,400,000.00 based on a cursory affidavit.  The prejudice here is to the defendants who are facing a huge judgment without any opportunity to defend and present their

7

side of the case.

The defendants request that this court set aside the entry of default and allow the case to proceed on its merits.

Dated: 4-3-06                                  s/    M. Gregory Oczkus
                                               Greg Oczkus Law Office
                                               430 W 7th Ave., Suite 202
                                               Anchorage, Alaska.  99501
                                               Telephone: (907) 276-6506
                                               Facsimile: (907) 258-6902
                                               gregmgolawoffice@acsalaska.net
                                               Alaska Bar No. 7710145

G:Dix/StrandHunt/Docs/Reply

8