UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| STRAND HUNT CONSTRUCTION, INC., | |
| Plaintiff, | 3:05-cv-156 JWS |
| vs. | ORDER FROM CHAMBERS |
| DIX MASONRY, INC.; DEBRA R. DIX; and DENNIS R. DIX, | [Re: Motions at dockets 17 & 21] |
| Defendants. | |

## I. MOTIONS PRESENTED

At docket 17, Dix Masonry, Inc.; Debra R. Dix; and Dennis R. Dix (collectively, "defendants") have moved for relief from entry of default. At docket 26, Strand Hunt Construction, Inc. ("Strand Hunt") has filed an opposition to that motion. At docket 33, defendants have filed a reply in support of their motion. At docket 21, Strand Hunt has filed a motion for entry of a default judgment against each defendant. At docket 24, defendants request permission to challenge Strand Hunt's asserted damages after the court has ruled on the motion at docket 17. Oral argument has not been requested on the motion at docket 17 or the motion at docket 21 and would not assist the court in resolving either motion.

## II. BACKGROUND

Strand Hunt filed a complaint against defendants in this court on July 1, 2005. In its complaint, it advances breach of contract and declaratory judgment claims against Dix Masonry and "tort and interference with business relations and with prospective economic advantage" claims against Dennis R. Dix ("Dennis") and Debra R. Dix ("Debra"). Strand Hunt was the general contractor on a project on Eielson Air Force Base, and its claims arise from a contract it entered with Dix Masonry in which Dix Masonry agreed to provide labor, materials, and equipment to the project. Dennis and Debra were co-owners of Dix Masonry until they divorced in July of 2005, at which point Dennis was awarded sole ownership of the corporation.[1]

Strand Hunt served its complaint on defendants on August 5, 2005, but defendants did not file an answer within the required twenty days. Instead, on September 1, 2005, Dennis – while incarcerated at Wildwood Correctional Center – filed an answer on behalf of Dix Masonry, and Debra filed a motion for a continuance on behalf of her co-defendants. The court struck the answer and denied the motion because Dennis and Debra are not attorneys and therefore may not represent their co-defendants in federal court.[2] The court also ordered Dix Masonry to retain counsel and file an answer or otherwise respond to Strand Hunt's complaint by November 30, 2005, and ordered Dennis and Debra to file answers or otherwise respond to the complaint by the same date.[3]

That deadline passed without a response from any of the defendants. Consequently, on December 6, 2005, Strand Hunt applied for an entry of default against all defendants.[4] On December 8, 2005, the court entered default against all

---

[1] Doc. 28, p. 1, ¶ 2.

[2] Doc. 8, pp. 1-2.

[3] *Id.*, p. 1.

[4] Docs. 9-11.

defendants.[5] Then, on December 13, 2005, Dennis filed a motion for extension of time, purportedly on behalf of all defendants.[6] The court denied that motion on the ground it could not be entertained while defendants were in default.[7] However, the court also gave defendants until March 10, 2006, to file motions for relief from entry of default.[8] Defendants met that deadline.

### III.  STANDARD OF REVIEW

The court may set aside entry of default for "good cause shown."[9] Good cause exists if 1) defendants' conduct that led to the default was not culpable; 2) they have demonstrated the ability to mount a meritorious defense; *and* 3) Strand Hunt would not be prejudiced if the default is lifted.[10] Defendants bear the burden of showing good cause exists.[11]

### IV.  DISCUSSION

**A. Motion for Relief from Entry of Default**

**1. Dix Masonry**

Dix Masonry has not shown the third factor applies. Strand Hunt argues it would be prejudiced if the default is lifted because delay could lead to other creditors' claims on Dix Masonry's assets obtaining higher priority than its claim. To support that argument, it cites a paper Dennis filed in this court in which he represented Dix Masonry is in debt,[12] and a list of lawsuits, including what it alleges are debt collection actions,

---

[5] Doc. 12.

[6] Doc. 13.

[7] Doc. 15.

[8] *Id.*

[9] FED. R. CIV. P. 55(c).

[10] *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004) (citing *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000)).

[11] *Id.* (citing *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001)).

[12] Doc. 13.

filed against Dix Masonry in state court in 2005.[13]  Dix Masonry ignores Dennis's representation about its debt and does not deny it is a defendant in debt collection actions.  It also states "[t]here is nothing in the record to support that Strand Hunt's ability to collect is impaired" and that "[m]erely printing out a list of lawsuits is not sufficient to prove such prejudice."[14]  This suggests Dix Masonry believes the burden is on Strand Hunt to show prejudice, but in fact the burden is on Dix Masonry.  It has not met that burden because it has not rebutted Strand Hunt's allegations about its financial health or otherwise shown how Strand Hunt's ability to collect would not be impaired by lifting the default.

### 2. Dennis and Debra

Dennis and Debra have not shown the first factor applies.  To show their failure to answer Strand Hunt's complaint was not culpable, they must demonstrate it was the result of excusable neglect.[15]  Although Dennis could have filed an answer on his behalf, and Debra could have filed an answer on her behalf, they have not adequately explained why they did not do so.  Dennis suggests he could not file an answer on his behalf because he was incarcerated, but that argument falls flat because he overcame his confinement to file an answer on Dix Masonry's behalf *and* a motion for an extension of time.  Debra asserts she relied on Dennis to defend her, but does not explain why, in light of the fact they divorced before they were served with Strand Hunt's complaint, her reliance was reasonable.  Another reason their excuses are not persuasive is that after the initial deadline for filing answers had passed, they were warned about the need to file answers on their own behalf, given a second opportunity to do so, and failed to act.

Dennis and Debra also have not shown the third factor applies.  Strand Hunt makes the same allegations regarding their financial status as it did about Dix Masonry's, and like Dix Masonry, they have not rebutted those allegations.  Therefore, they have failed to demonstrate that lifting the default will not prejudice Strand Hunt.

---

[13]Doc. 26, p. 12, ex. B.

[14]Doc. 33, p. 7.

[15]*TCI Group*, 244 F.3d at 697.

**B. Motion for Entry of Default Judgment**

Having decided not to lift the default, the court will grant Strand Hunt's motion for entry of default judgment. However, the court will not enter default judgment now. Defendants have requested a chance to challenge Strand Hunt's claimed damages and their request will be granted.

## V.  CONCLUSION

For the reasons set out above, the motion at docket 17 is **DENIED** and the motion at docket 21 is **GRANTED**. Defendants may file a response to Strand Hunt's asserted damages no later than **July 10**, **2006**. The parties shall file a joint status report no later than **July 17**, **2006**, indicating their estimate of how many days a hearing on Strand Hunt's damages may take.

DATED at Anchorage, Alaska, this 14th day of June 2006.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT COURT JUDGE